**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MICHAEL CONNELLY, Sr.,<br><br>Defendant - Appellant. | No. 14-30134<br><br>D.C. No. 4:13-cr-00043-BMM-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted May 8, 2015
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges, and BAYLSON,[**] Senior District Judge.

Michael Connelly, Sr., a former tribal police officer, was convicted, following a jury trial, of deprivation of rights under color of law, in violation of 18 U.S.C. § 242, and for making a false statement to the FBI in violation of 18 U.S.C. § 1001.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Michael M. Baylson, Senior District Judge for the U.S. District Court for the Eastern District of Pennsylvania, sitting by designation.

The jury acquitted Connelly of sexual abuse in violation of 18 U.S.C. §§ 2242(1) and 1153(a). Connelly was sentenced to 24 months imprisonment and three years supervised release. On appeal, Connelly contends (i) the district court abused its discretion in precluding him from impeaching the victim with evidence of her convictions that were more than ten years old; (ii) there was insufficient evidence to convict him of the false statement charge; and (iii) the jury instructions improperly reduced the government's burden of proof on the false statement charge. We affirm.[1]

1. As the parties are familiar with the facts, we only briefly summarize them here. On September 1, 2012, Connelly, a police officer with the Blackfeet Law Enforcement Services who was on duty and in uniform, gave a ride in his unmarked patrol car to a woman, E.J.R.C., in Browning, Montana. E.J.R.C. testified that Connelly drove her to secluded area, began kissing her, and coerced her to perform oral sex by threatening her with jail if she did not. E.J.R.C. testified that she did not believe Connelly was joking, was fearful, decided performing oral sex was better than going to jail, and would not have performed oral sex but for Connelly's position as a police officer and his threat to send her to jail.

2. Approximately three hours after the incident, FBI Agent Brian Kimball

---

[1] The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

contacted Connelly, who voluntarily agreed to an interview. Connelly told Agent Kimball the sexual encounter was consensual and denied threatening E.J.R.C. with jail if she refused to perform oral sex:

> Agent Kimball: At no point in time did you ever say, "You can do this or you can go to jail."
>
> Connelly: No. I did not.
>
>            \*    \*    \*
>
> Kimball: At no point and time was it ever communicated to her that . . . she had two options? One's to provide oral sex, and the other was to go to jail.
>
> Connelly: No. That is not true.

3. On December 4, 2012, approximately three months after the incident, Connelly voluntarily participated in an interview conducted by FBI Agent Stacey Smiedala. During this interview, Connelly admitted that he told E.J.R.C. "you could maybe go to jail if you don't give me a blow job," but he claimed he was joking.

4. We reject Connelly's argument that the district court abused its discretion when it barred him from impeaching E.J.R.C. with four convictions for assault, burglary, and possession of a controlled substance that were more than ten years old. We review the district court's decision to admit or exclude evidence for an abuse of discretion. *United States v. Santini*, 656 F.3d 1075, 1077 (9th Cir. 2011) (per curiam).

3

**a.** Federal Rule of Evidence 609(b) bars the admission of convictions that are more than ten years old, except if the probative value of such a conviction, supported by specific facts and circumstances, substantially outweighs its prejudicial effect, and the proponent gives advance written notice. "[C]onvictions over 10 years old will be admitted very rarely and only in exceptional circumstances." Fed. R. Evid. 609(b) advisory committee's note.

**b.** Connelly contends that the district court should have permitted him to introduce the excluded convictions because they were directly relevant to E.J.R.C.'s credibility, a crucial issue at trial because E.J.R.C. and Connelly were the only witnesses to the incident. But we have previously rejected precisely this argument. *See United States v. Bensimon*, 172 F.3d 1121, 1126–27 (9th Cir. 1999) ("[T]he probative value of a prior conviction may *not* be determined by how important the defendant's credibility is to the opposing party."). Moreover, the district court permitted Connelly to impeach E.J.R.C. with three felony convictions for burglary, robbery, and possession of a controlled substance that fell within Rule 609(b)'s ten-year window, and E.J.R.C. testified forthrightly about these convictions at trial. Accordingly, the district court did not abuse its discretion in excluding the older convictions.[2]

---

[2] In excluding the older convictions, the district court concluded that any time E.J.R.C. spent in confinement due to revocation of supervision imposed in connection with the older convictions was due to technical violations and did not

4

**5.** Connelly's challenge to the sufficiency of the evidence supporting his false statement conviction also lacks merit. A conviction under 18 U.S.C. § 1001 requires the government to prove that the defendant "1) made a statement, 2) that was false, and 3) material, 4) with specific intent, 5) in a matter within the agency's jurisdiction." *United States v. Selby*, 557 F.3d 968, 977 (9th Cir. 2009) (per curiam). We review the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc).

**a.** Viewing the evidence in the light most favorable to the prosecution, the evidence introduced at trial was sufficient to convict Connelly of the false statement charge. A rational jury could have concluded that (a) E.J.R.C. was truthful when she testified that Connelly threatened her with jail if she did not perform oral sex; (b) Connelly, an experienced police officer and former tribal prosecutor, fully understood the FBI agents' questions; and (c) Connelly was not credible because his

---

constitute confinement for the original conviction for purposes of tolling the ten-year window under Fed. R. Evid. 609(b). *See United States v. Wallace*, 848 F.2d 1464, 1472–73 (9th Cir. 1988). To the extent that Connelly seeks to challenge the district court's calculation of the ten-year period, that argument was waived. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003) (holding that issues not argued "specifically and distinctly in a party's opening brief" are waived (internal quotation marks and citations omitted)).

statements to Agent Kimball and Agent Smiedala about whether he threatened E.J.R.C. with jail were inconsistent. *See, e.g.*, *Selby*, 557 F.3d at 978 (holding a rational jury was entitled to conclude that a government official's misstatement regarding her husband's employment was not an inadvertent mistake).

**b.** Moreover, we find no inconsistency between Connelly's false statement conviction and his acquittal on the sexual abuse charge. To convict Connelly of the civil rights offense, the jury was required to find that he abused his position as a law enforcement officer when he coerced E.J.R.C. to perform oral sex. A rational jury, having found Connelly guilty of that offense, could also have convicted him of making a false statement about the incident to the FBI.

**6.** We hold that any error in the jury instruction on the "willfulness" element of the false statement charge was harmless. As there was no objection to the jury instructions at trial, we review for plain error. *United States v. Anderson*, 741 F.3d 938, 945 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 1562 (2014). Under plain error review, a defendant has the burden of showing (1) an error; (2) that was plain; (3) that affected defendant's substantial rights; and (4) that seriously affected the fairness, integrity or public reputation of judicial proceedings. *United States v. Marcus*, 560 U.S. 258, 262 (2010).

With regard to the willfulness element of the false statement charge, Connelly contends the district court erred by instructing the jury that the government was not

6

required to prove that Connelly knew his acts or omissions were unlawful. Even if we assume this jury instruction was plainly erroneous, Connelly's contention that the error affected his substantial rights is unpersuasive. Connelly, who served 25 years as a law enforcement officer and spent 14 years as a tribal prosecutor, cannot credibly maintain that he did not know it was unlawful to make a false statement to the FBI. *See, e.g., United States v. Awad*, 551 F.3d 930, 938–41 (9th Cir. 2009). It is reasonable to believe that the jury's verdict on the false statement charge would not have been different had the jury been required to find that Connelly knew his false statement to the FBI was unlawful. Accordingly, any error was harmless and did not affect Connelly's substantial rights or the fairness, integrity, or public reputation of judicial proceedings.

**AFFIRMED.**